UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL NEAL STORIE,<br><br>            Plaintiff,<br><br>    v.<br><br>CAROLYN W COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | CASE NO. 3:15-CV-05729-RSL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 22, 2016 |

      The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. *See* Dkt. 34. Plaintiff Daniel Neal Storie filed a Motion for EAJA Fees and Costs ("Motion"), seeking attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Dkt. 32. Defendant objects to the Motion because the number of hours expended in this case is excessive and therefore the requested fee award is unreasonable. Dkt. 35.

      The Court concludes the attorney hours expended in this case are unreasonable. Accordingly, the undersigned recommends Plaintiff's Motion be granted-in-part and the fee request be reduced by 13.5 hours.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

On May 17, 2016, the undersigned issued a Report and Recommendation recommending Defendant's Stipulated Motion to Remand be granted and this case be reversed and remanded for further consideration by the Social Security Administration ("Administration"). Dkt. 29. On May 18, 2016, the Honorable Robert S. Lasnik, the District Judge assigned to this case, adopted the Report and Recommendation, reversed the ALJ's decision, and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. Dkt. 30.

On June 8, 2016, Plaintiff filed the Motion. Dkt. 32. Judge Lasnik referred the Motion to the undersigned on June 13, 2016. Dkt. 34. Defendant filed a Response, Dkt. 35, and on June 21, 2016, Plaintiff filed a Reply. Dkt. 36.

## DISCUSSION

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th

Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436-37.

This case was remanded to the Administration for further consideration after Defendant filed a Stipulated Motion for Remand. Dkt. 28-30.[1] As the parties stipulated to remand in this case and as Defendant does not contend her position was substantially justified, the Court finds Plaintiff is entitled to a reasonable attorney's fee award under the EAJA. *See* Dkt. 28, 35.

While Defendant does not challenge an award of reasonable attorney's fees or the hourly rate requested, she argues the number of hours expended on this litigation is unreasonable and requests a 25% reduction in the award. Dkt. 35. Once the Court determines a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429, 433 n.7. "When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible. As *Hensley* described it, the explanation must be 'concise but *clear*.'" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (citations omitted). "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which encompasses the lodestar method.[2] *Hensley*, 461 U.S. at 433, 435.

---

[1] Defendant filed the Stipulated Motion to Remand after Plaintiff filed the Opening Brief. *See* Dkt. 24.

[2] Relevant factors which may be considered are identified in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), as: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19 (citations omitted); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors).

Plaintiff is seeking payment of $11,215.99 for 59.1 hours of time his attorney, Nancy Meserow, spent on the initial file review, opening brief, and settlement of this case. Dkt. 33. Plaintiff also requests $170.10 in costs. *Id*. Ms. Meserow states she spent 29.3 hours reviewing the 1,249 page file and researching case law prior to drafting the Opening Brief. Dkt. 33-1. Ms. Meserow spent 25.3 hours researching case law and drafting and editing the Opening Brief. *Id*. In total, Ms. Meserow spent 54.6 hours preparing the Opening Brief. *See id*. The remaining 4.5 hours were expended on case administrative details. *See id.*

Plaintiff argues the case is complex and required case specific research, necessitating 59.1 hours of work. Dkt. 32-1. Defendant maintains the case is not novel or complex, and an experienced attorney would not need to expend a large number of hours researching the legal issues. Dkt. 35. In determining if the hours expended are reasonable, this Court will consider: (1) awards in similar cases; and (2) the novelty and difficulty of the questions involved in this case. *See Hensley*, 461 U.S. at 429-30 n. 3; *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

First, attorney's fee awards in similar cases show the hours expended in this case are well above the average fee award. In this Court, in stipulated remand cases where the opening brief was filed, attorney's fees were awarded for the following attorney work hours: 9, 16.2, 26.2, 29.3, and 37. *See Rexhausen v. Colvin*, Case No. 2:15-CV-753-DWC (W.D. Wash.) (6.6 hours preparing opening brief); *Monette v. Colvin*, Case No. 3:15-CV-5309-DWC (W.D. Wash.) (14.8 hours preparing opening brief); *Assumpcao v. Colvin*, Case No. 3:16-CV-5030-DWC (W.D. Wash.) (22.5 hours preparing opening brief); *Lester v. Colvin*, Case No. 15-CV-5382-DWC (W.D. Wash.) (23.2 hours preparing opening brief); *Karr v. Colvin*, Case No. 3:15-CV-5827-DWC (W.D. Wash.) (30.5 hours preparing opening brief). In the cases referenced above

resulting in a stipulated remand before this Court, the median for hours drafting an opening brief is 22.5 and the mean is 19.6.

Further, Plaintiff has requested fees for hours which are in excess of other similar cases within the Western District of Washington, wherein it is not uncommon for the Court to receive fee petitions requesting 10-15 hours for drafting an opening brief. *See e.g. Fisher v. Colvin*, Case No. 2:15-CV-716-DWC (W.D. Wash.) (transcript of 1,434 pages, 7 hours to review and draft opening brief); *Justice v. Colvin*, Case No. 3:14-CV-6001-DWC (W.D. Wash.) (20.5 hours for reviewing and drafting opening brief); *Givens v. Colvin*, Case No. 3:15-CV-5199-DWC (W.D. Wash.) (transcript of 920 pages, 26.9 hours to prepare an opening brief); *Spencer v. Colvin*, Case No. 2:15-CV-20-JRC (W.D. Wash.) (transcript of 983 pages, fee petition requested 15.7 hours for file review and drafting opening brief); *Moore v. Colvin*, Case No. 2:15-CV-360-JRC (W.D. Wash.) (7.6 hours for file review and drafting of the Opening Brief); *Sampson v. Colvin*, Case No. 3:14-CV-5825-JRC (W.D. Wash.) (12.5 hours for file review and drafting of the Opening Brief). In the above cases, the median for hours drafting an opening brief is 15,7 and the mean is 15. Plaintiff's attorney expended substantially more time in preparing the Opening Brief than reported in similar cases. In fact, this is the highest fee request, in total amount and hours, requested in a fee petition before the undersigned.

Second, the questions involved in this case were not novel or difficult, justifying an increase in expended hours. Plaintiff presented six grounds for relief in his Opening Brief. *See* Dkt. 24. Plaintiff alleged the ALJ erred in considering: Plaintiff's severe impairments, the medical opinion evidence, Plaintiff's credibility, lay witness evidence, the vocational expert's testimony, and Plaintiff's Veterans Affairs disability rating. *See id*. These are common arguments raised in the majority of Social Security cases, and should require less legal research

for an experienced attorney to effectively litigate.[3] While Plaintiff obtained court approval for and filed an overlength Opening Brief, this alone does not show the questions in this case were novel or difficult.

Plaintiff argues the case is complex because the record is voluminous and consists of several medical opinions. Dkt. 32-1, 36. The record in this case is 1,249 pages. Dkt. 17. While the record is long, the Court does not find it is atypical in length. *See e.g. Fisher v. Colvin*, Case No. 2:15-CV-716-DWC (W.D. Wash.) (1,434 pages); *Givens v. Colvin*, Case No. 3:15-CV-5199-DWC (W.D. Wash.) (920 pages); *Amirkhanov v. Colvin*, Case No. 2:15-CV-1541-DWC (W.D. Wash.) (1,411 pages); *Spencer v. Colvin*, Case No. 2:15-CV-20-JRC (W.D. Wash.) (983 pages); *Wall v. Colvin*, Case No. 3:15-CV-5281-JRC (W.D. Wash.) (2,297 pages); *Webb v. Colvin*, Case No. 3:15-CV-5098-JRC (W.D. Wash.) (1,263 pages). Further, the length of the record does not necessarily result in a complex case. For the above reasons, the Court does not find this case presents novel or complex questions.

The Court concludes the amount of time expended on this case is unreasonable. Plaintiff has requested a total of 59.1 hours, 54.6 of which were spent preparing the Opening Brief. Dkt. 33. The case is not novel or complex and resulted in a stipulated remand after the Opening Brief was filed. The amount of attorney time incurred preparing the Opening Brief is substantially more than the amount incurred in similar Social Security cases. The facts, record, and arguments made in this particular case were not so unusual or complex as to require such a discrepancy from similar cases. The Court, therefore, finds the 54.6 hours expended in preparation of the Opening Brief is excessive and unreasonable.

---

[3] Ms. Meserow has been practicing Social Security law for the past seven years, "acquiring familiarity and credibility with the [Administration]." Dkt. 33, Meserow Declaration, ¶ 2. Ms. Meserow states 99.9% of her practice is representing Social Security claimants in federal courts. *Id.*

Accordingly, the Court recommends the attorney hours expended in reviewing the file and drafting the Opening Brief be reduced by 13.5 hours, resulting in a fee award for 45.6 hours of work (44.1 hours for reviewing the file and preparing the Opening brief).[4] *See Hensley*, 461 U.S. at 434 ("the District Court [] should exclude from this initial fee calculation of hours that were not 'reasonably expended'"); *see also Stearns v. Colvin*, 2016 WL 730301 (W.D. Wash. Feb. 24, 2016) (finding thirty-five hours for preparation of opening brief was excessive and unreasonable and reducing by 10 hours); *Silva v. Bowen,* 658 F. Supp. 72, 73 (E.D. Penn. 1987) ("Twenty hours to draft, review and rewrite plaintiff's summary judgment brief is excessive. The task could have been comfortably completed with eight hours of work," with the court reducing the requested hours by 25 hours to a total of 29.25). Notably, this fee award results in fees at the higher end of approved fees in similar cases and the highest fee award the undersigned has recommended or approved. The Court, however, concludes the requests for costs should not be reduced.

## CONCLUSION

For the foregoing reasons, the Court recommends Plaintiff's Motion be granted-in-part as follows:

Plaintiff's request for $170.10 in costs be granted.

Plaintiff be awarded $8,653.97 in attorney's fees, representing 45.6 hours of work, for a total award of $8,824.07, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010). The Court also recommends Plaintiff's award be subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 595-98. If it is determined Plaintiff's EAJA fees are not subject to any offset, or if there is a remainder after an offset, it is

---

[4] Defendant requested a 25% fee reduction. Dkt. 35. The Court's recommendation reduces Plaintiff's fee award by approximately 23%.

1  recommended the check be mailed to Plaintiff's counsel, Nancy J. Meserow, at Law Office

2  Nancy J. Meserow,7549 S.W. 51st Ave, Portland, OR 97219.

3  　　　　Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

4  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

5  6. Failure to file objections will result in a waiver of those objections for purposes of de novo

6  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

7  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 22, 2016,

8  as noted in the caption.

9  　　　　Dated this 1st day of July, 2016.

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ David W. Christel
　　　　　　　　　　　　　　　　　　　　　　　　　　David W. Christel
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge